14039

POLLY v. WALTON *ET AL.*

(179 S. E., 667)

*Mr. F. A. Wise,* for appellant,

*Messrs. W. K. Charles* and *Bussey & Fulcher,* for respondents,

April 9, 1935.

The opinion of the Court was delivered by Mr. Chief Justice Stabler.

This is an action for damages for injuries alleged to have been received by the plaintiff through the negligent and willful acts of the defendants. The following facts are undisputed: The Standard Oil Company owned and operated in the Town of McCormick a plant from which it distributed its petroleum products to its customers. At the time the plaintiff was injured, the defendant Walton, an employee of the company, had the exclusive management and control of this plant, subject only to the general supervision of one S. L. Gilreath; and, in the line of his duty, he did any and all

work in connection therewith. Walton took charge at McCormick about six or eight months before the plaintiff received the injuries here complained of, and, being a stranger in the community, he hired Polly to assist him. The plaintiff, however, did not have a steady job, but was employed by Walton at intervals, during which times he worked either at Walton's home or at the plant, doing whatever he was directed to do. Walton paid for such work with his own money, and discharged the plaintiff when he did not need his services further. Gilreath, the general supervisor above-referred to, saw Polly at work around the plant, and at least on one occasion saw him on the company's truck with Walton out in the country.

On or about November 5, 1932, the plaintiff in attempting to board the company's moving truck, which was being operated at the time by Walton, fell and was severely injured. He then brought this action for damages, as we have said. Demurrers were interposed to the complaint, but were overruled. The case was later tried before Judge Grimball, who, at the close of the testimony, directed a verdict for the defendant company on the following grounds: (1) That there was no evidence that the plaintiff was, at the time of the accident, an employee of the defendant Standard Oil Company of New Jersey; (2) that no actionable negligence had been shown on the part of the Standard Oil Company, or its agent Walton; and (3) that the only reasonable inference to be drawn from the evidence was that plaintiff's injuries were due solely to his own negligent acts. A verdict for the defendant Walton was directed on grounds (2) and (3). The plaintiff appeals and assigns error.

While it is true that the plaintiff did some work around and about the company's plant, he testified that he was employed by Walton, worked for him, and was paid by him. Walton stated that he was not authorized by the oil company to employ any one for it, and could not therefore do so. He further stated that he had hired

Polly to work, not for the company, but for the witness, and that he paid him for whatever work he did out of his own pocket. He testified: "Polly came to me and wanted work and said that he did not have anything to do and I told him I did not need him and he kept on and said I have got to work and I said, if I need you, I will work you whenever I can, and I worked him a little bit around there and I worked him at my house some." Gilreath stated that Walton had no authority to employ any one to work for the Standard Oil Company as all employment had to be considered by the Columbia office, and all employees had to undergo a physical examination, and were regularly paid by check through that office. It is not made to appear from the evidence that the plaintiff understood or thought that he was working for or was employed by the Standard Oil Company. On the contrary, it seems that he fully understood that he was in the personal employ of Walton, to work at his house or anywhere else that Walton directed him to work. Admittedly, Walton directed the movements of the plaintiff and controlled his actions without any interferences from the company whatsoever. In these circumstances, it can hardly be said that Polly, in any sense, was an employee of the defendant company.

It is contended, however, that Gilreath, who had general supervision of a number of plants, including the McCormick plant, saw the plaintiff at work at that plant a number of times, and also saw him out in the country on the truck with Walton delivering products, and for these reasons the company will not now be heard to say that the plaintiff was not in its employ at the time he was injured; in other words, that this defendant is now estopped to deny that Polly was its employee.

While a different situation might be presented if a third party, in these circumstances, had been injured by the negligent acts of the plaintiff while working at the company's plant or helping to distribute its products, we do not think,

under the recorded facts before us, that Polly may here invoke the principle of estoppel. A study of the entire record convinces us that the trial Judge properly directed a verdict for the defendant company on the first ground.

As to the defendant Walton, we think that the evidence required the submission of the case to the jury as to him on the question of actionable negligence on his part. Also, on the question as to whether the negligent acts of the plaintiff were the sole cause of his injuries, as well as to the question of plaintiff's contributory negligence as a proximate cause thereof. Under the testimony, these issues could not be decided as a matter of law.

The judgment of the Circuit Court as to the defendant Standard Oil Company is affirmed; as to the defendant Walton, it is reversed, and the case remanded for a new trial.

MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE G. B. GREENE concur.